IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GEREMIE GERMAINE JONES, PRO SE, also known as GEREMIE JONES, TDCJ-CID No. 1733861, State Jail ID No. 1486112,<br><br>Plaintiff,<br><br>v.<br><br>ALONZO RODRIGUEZ, Correctional Officer; TERRY RAINES, Captain of Officers; JOE BEACH, Assistant Warden; B. PARKER, Step 2 Grievance Signatory Authority; and WREN HOWARD, Assistant Regional Director of Region V,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § | 2:15-CV-0136 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff GEREMIE GERMAINE JONES, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis

Plaintiff complains that, on October 18, 2013, he was strip-searched by an Officer Fleming and escorted from his assigned housing to a holding cell in 12 Building, High Security Expansion Cellblock. Plaintiff says defendant Officer RODRIGUEZ later brought a blanket and put it against the wall by the holding cell, stating it was for plaintiff. RODRIGUEZ then strip-searched plaintiff and took him out of the holding cell in handcuffs. When defendant RODRIGUEZ picked up the blanket to escort plaintiff to his new cell, a piece of metal attached to a broken razor handle fell out.

Plaintiff alleges RODRIGUEZ then wrote plaintiff a disciplinary case for "possession of a weapon with intention to harm another person." Plaintiff alleges defendant RODRIGUEZ gave false testimony at the disciplinary hearing and defendant Captain RAINES wrongfully found plaintiff guilty.

Plaintiff further claims defendant BEACH is liable for his failure to investigate and properly resolve plaintiff's Step One Grievance on the matter, defendant PARKER unsatisfactorily resolved the Step Two Grievance, and defendant HOWARD inadequately investigated and/or resolved plaintiff's complaint about the handling of his Step One and Step Two Grievances.

Plaintiff requests declaratory judgment, an unspecified permanent injunction, and monetary damages "with the collected total of $150,000.00 from the defendants."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

The Court is aware that some mistakenly perceive the Constitution as a micro manager of day-to-day prison activities. It is not. Further, suit in federal court is not an extension of the prison grievance process.

Malicious prosecution no longer provides an independent basis for a section 1983 claim in this Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). To the extent plaintiff claims defendant RODRIGUEZ wrote him a false disciplinary case and gave false testimony at the disciplinary hearing, plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's claim against defendant Captain RAINES appears to be that, by rejecting Officer Fleming's testimony and believing that of defendant Officer RODRIGUEZ, defendant RAINES deprived plaintiff of due process and, thus, "wrongfully" found plaintiff guilty of the disciplinary offense. In the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995),

---

[2]*Cf., Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

a prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995)). The temporary loss of recreation and commissary privileges is not an atypical and significant hardship in relation to the ordinary incidents of prison life and does not invoke the procedural guarantees of the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Plaintiff lost no accumulated good-time credits and the punishment he received did not clearly impinge on the duration of his confinement. Plaintiff has no federally protected due process rights in connection with the disciplinary hearing conducted by defendant RAINES. Therefore, plaintiff's claim against defendant RAINES lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to plaintiff's claims against defendants BEACH and PARKER for their handling of his Step One and Step Two Grievances, as well as his claim against defendant HOWARD concerning the perceived inadequacies of BEACH and/or PARKER in handling plaintiff's grievances, the narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances or his letters of complaint investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), cert. denied, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99

S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claims against defendants BEACH, PARKER, and HOWARD lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915A and section 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff GEREMIE GERMAINE JONES is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the 20th day of July, 2015.

MARY LOU ROBINSON
United States District Judge